10-3278-cv
Manyk v. Western Union Financial Services

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand eleven.**

PRESENT:


        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        DENNY CHIN,
                *Circuit Judges.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ILYA MANYK,

                *Plaintiff-Appellant*,


        -v.-                                              No. 10-3278-cv


WESTERN UNION FINANCIAL SERVICES,[1]

                *Defendant-Appellee*,


UKRAINIAN FINANCIAL GROUP,

                *Defendant*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x




**FOR APPELLANT:**                    ALEXANDER J. SEGAL, Grinberg
                                      & Segal, P.L.L.C., New York, NY.


---

[1] The Clerk is directed to change the caption of this case to read as indicated above.

1

**FOR APPELLEE:**                                    DAVID FALLEK (Garrett Duffy, Fogarty, Felicione & Duffy, Mineola, NY, *on the brief*), Western Union, LLC, Oakland, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gerard E. Lynch, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Ilya Manyk appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Western Union Financial Services ("Western Union"), and denying his motion to reopen discovery pursuant to Fed. R. Civ. P. 56(f).[2]  *See Manyk v. W. Union Fin. Co.*, No. 07 Civ. 6260, 2009 WL 1490827 (S.D.N.Y. May 27, 2009).  We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This appeal arises out of a claim for personal injury against Western Union and Ukrainian Financial Group ("UFG"), a foreign corporation,[3] in which Manyk alleged that he had been assaulted by an employee or agent of UFG or Western Union.  Manyk argued that Western Union was vicariously liable for his injuries because the UFG location in which he was assaulted had actual authority to conduct limited types of business on behalf of Western Union.[4]

The District Court granted summary judgment against Manyk, finding that he could not establish grounds for Western Union's vicarious liability.  It also denied his motion to reopen discovery in order to procure additional evidence regarding the relationship between Western Union and UFG.  Manyk argues on appeal that the District Court erred by granting summary judgment against him and by denying his motion to reopen discovery.

---

[2] This appeal was originally docketed under No. 09-2651-cv.  The original appeal was withdrawn on August 26, 2009 in order to resolve several claims that remained pending in the District Court, and a new appeal was brought under the current docket number on August 16, 2010.

[3] Defendant UFG was voluntarily dismissed from the case when it was determined that its presence destroyed the District Court's subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).  *See Manyk v. W. Union Co. Fin. Co.*, No. 07 Civ. 6260, 2010 WL 3062891 (S.D.N.Y. Aug. 4, 2010) (Scheindlin, J.).  The dismissal of UFG is not at issue on appeal, and UFG is not a party to the appeal.

[4] Manyk does not argue on appeal that the record below supports any other basis for finding an agency relationship to have existed between Western Union and UFG.

Having conducted an independent review of the record, we AFFIRM the judgment on appeal for substantially the reasons stated by the District Court in its careful Opinion and Order of May 27, 2009.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court